**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MONTICELLO INSURANCE COMPANY,**
        **Plaintiff,**

-vs-                                                        **Case No.  6:05-cv-00548-PCF-DAB**

**DYNABILT MANUFACTURING COMPANY, INC.,**
**JOSEPH EUGENE, VERONICA EUGENE, and**
**CONTINENTAL TIRE NORTH AMERICA, INC.,**
        **Defendants.**

_____

**ORDER**

This case comes before the Court on Plaintiff's Motion to Hold Case in Abeyance or, Alternatively, to Dismiss Without Prejudice (Doc No. 46, filed Aug. 30, 2005).  Defendants have not filed a response to Plaintiff's motion.

**Background**

This Court entered on August 24, 2005, a Final Default Declaratory Judgment in favor of Plaintiff Monticello Insurance Company ("Monticello") and against Dynabilt Manufacturing Co., Inc. ("Dynabilt"), finding no coverage under an insurance policy issued by Monticello to Dynabilt for injuries sustained in an accident alleged in the underlying complaint of Defendants Joseph Eugene and Veronica Eugene.  According to Monticello, because Dynabilt is the primary Defendant against which Monticello's cause of action was filed and the claims against the Co-Defendants are purely derivative, Monticello has no independent cause of action that can proceed against the remaining Defendants to this action.  Therefore, Monticello seeks to either  hold this case in abeyance until August 24, 2006, pursuant to *Federal Rules of Civil Procedure Rule 55 and Rule 60(b),* or, alternatively, to dismiss the case without prejudice.  The dismissal sought by Monticello is governed by  *Federal Rules of Civil Procedure Rule 41(a)(2).*

**Standard of Review**

Pursuant to the *Federal Rules of Civil Procedure Rule* 41 and 60, the court may use its discretion in determining whether to hold a case in abeyance or to dismiss a case without prejudice.

**Discussion**

**I. Abatement of Case**

Once a judgment by default has been entered, the court may set the judgment aside in accordance with *Federal Rules of Civil Procedure Rule* 60(b). *Fed R. Civ. P.* 55(c). The court may relieve a party from a final judgment upon such terms as are just. *Fed R. Civ. P.* 60(b). A party against which a default has been taken has up to one year to move the court to set aside the default if the reason for setting aside the default is mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under *Federal Rules of Civil Procedure Rule* 59(b); or fraud, misrepresentation, or other misconduct of an adverse party. *Id*. When a party against which a default has been taken moves to set aside the default for any other reason justifying relief from the operation of the judgment, the party must do so within a reasonable time. *Id*.

Relief under Rule 60(b)(6) is an extraordinary remedy that is to be used in exceptional circumstances. *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993); *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Rule 60(b) motions are addressed to the sound discretion of the court and will be reversed only upon a showing of abuse of that discretion. *Villareal v. Braswell Motor Freight Lines, Inc.*, 545 F.2d 978 (5th Cir. 1977).

Because this Court seeks to maintain an orderly docket and to avoid having cases that languish with no action taken for a lengthy period of time, the Court will deny the Plaintiff's Motion to Hold the Case in Abeyance.

## II.  Dismissal Without Prejudice

The dismissal of a suit should be allowed unless a defendant will suffer some plain legal prejudice, other than the possibility of another lawsuit. *Druid Hills Civic Ass'n Inc. v. Federal Highway Admin.*, 833 F.2d 1545 (11th Cir 1987). Further, where the court has the discretion to dismiss, the court may impose reasonable terms and conditions on the grant of a voluntary dismissal, where such conditions are necessary to the proper administration of justice. *Crump v. Gold House Restaurants, Inc.*, 96 So. 2d 215 (Fla. 1957). Under Rule 41(a)(2) of the *Federal Rules of Civil Procedure*, a plaintiff may voluntarily dismiss the case if no one else is prejudiced by future litigation and the court can set forth conditions to ensure the defendant is not unfairly affected by the dismissal. *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601 (5th Cir. 1976).

While an action may be dismissed by the court upon such terms and conditions as the court deems proper, Local Rule 3.01(g) requires the moving party to confer with the opposing party(ies) in a good faith effort to resolve the issues raised by the motion, with some exceptions not pertinent here. The Local Rule requires the moving party to file a motion certifying that the moving party has conferred with the opposing party, stating whether the opposing party agrees to the resolution of the motion. The plaintiff in the instant case has failed to file a certification which satisfies *Local Rule* 3.01(g).[1]

On the other hand, Defendants have failed to respond to the Motion of Plaintiff. Pursuant to *Local Rule* 3.01(b), any party who opposes a motion must file a brief or legal memorandum in opposition within the deadline stated in the Rule. If no brief in opposition is filed, it is presumed that the opposing party does not object to the relief sought. Defendants have not advised the Court

---

[1] Plaintiff is admonished in the future to comply with the Rules of Court in conducting litigation in this forum.

of any opposition to the Plaintiff's Motion, and a sufficient passage of time in which to respond to the motion has passed.

Therefore, the Plaintiff's Motion to Dismiss without Prejudice is Granted.

**Conclusion**

Based on the foregoing, the Plaintiff's Motion to Hold the Case in Abeyance or, Alternatively, to Dismiss Without Prejudice is **GRANTED** in part and **DENIED** in part. The motion seeking to hold the case in abeyance is denied**.** The motion to dismiss without prejudice is granted.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this _19th___ day of September, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record