**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MONTICELLO INSURANCE**
**COMPANY,**

                    **Plaintiff,**

**-vs-**                                          **Case No.  6:05-cv-548-Orl-19DAB**

**DYNABILT MANUFACTURING**
**COMPANY, INC., JOSEPH**
**EUGENE, VERONICA EUGENE,**
**and CONTINENTAL TIRE NORTH**
**AMERICA, INC.,**

                    **Defendants.**
_____

**ORDER**

        This case comes before the Court on the Motion for Reconsideration, or

Alternatively, to Set Aside Order, filed by Defendants Joseph Eugene and Veronica Eugene

on October 3, 2005, (Doc. No. 48, filed on October 3, 2005), and the Amended

Memorandum in Opposition to Motion for Reconsideration and Motion to Set Aside Order,

filed by Plaintiff Monticello Insurance Company on October 6, 2005.  (Doc. No. 50, filed

on October 6, 2005).

**Background**

        This case involves a dispute regarding whether Defendant Dynabilt Manufacturing

Company, Inc. (hereinafter "Dynabilt") is covered by an insurance policy which allegedly

indemnifies Dynabilt for the liabilities and damages asserted by Defendants Joseph and

Dockets.Justia.com

Veronica Eugene in a state tort action. (hereinafter "the Eugenes"). Plaintiff Monticello Insurance Company filed a Complaint on April 12, 2005, seeking a declaratory judgment ruling that the policy in question excludes coverage for the Eugenes' alleged injuries. (*See* Doc. No. 1-1, pp.10-11, filed on April 12, 2005). On August 24, 2005, the Court entered a Final Default Declaratory Judgment against Dynabilt, finding that there was no insurance coverage under the aforementioned insurance policy for the injuries asserted by the Eugenes. (Doc. No. 45, filed on August 24, 2005).

On August 30, 2005, Plaintiff moved to dismiss its Complaint without prejudice, arguing that the remaining Defendants were purely derivative parties and that there was no cause of action upon which Plaintiffs could proceed *vis a vis* the remaining Defendants absent a motion by Dynabilt to set aside the default judgment. (*See* Doc. No. 46, filed on August 30, 2005). It is undisputed that the Eugenes failed to timely respond to Plaintiff's Motion to Dismiss. (*See* Doc. No. 48-1, p.1, filed on October 3, 2005). Thus, absent any argument from the remaining Defendants that they would suffer prejudice from a dismissal, the Court granted Plaintiff's Motion to Dismiss. (*See* Doc. No. 47, filed on September 20, 2005).

Mr. Snellings, counsel for the Eugenes, now seeks reconsideration of the Court's Order granting Plaintiff's Motion to Dismiss. Counsel states that he did not immediately receive Plaintiff's Motion to Dismiss because he was awaiting re-admission to practice in the Middle District of Florida. (Doc. No. 48-1, p. 1). When counsel finally received Plaintiff's Motion on September 6, 2005, he was in the state of Mississippi assisting family members who had lost their homes due to Hurricane Katrina. Counsel has provided the

Court with substantial evidence that a familial home in Waveland, Mississippi was also destroyed in the hurricane. (*See id*., Exs. 3 & 4). The Eugenes argue that the aforementioned insurance policy's exclusion, which Plaintiff claims excludes coverage for their injuries, pertains only to welding operations and hence does not exclude coverage for liability based on other theories such as negligence in constructing, installing, and removing the welded item. (*Id*. at p. 2). Thus, the Eugenes contend that since Plaintiff cannot prevail on its claim for a declaratory judgment, reconsideration of the Court's Order is warranted. (*Id*. at p. 2-3).

### Standard of Review

The Eleventh Circuit has described a motion for reconsideration as falling within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief form judgment). *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir.1993). The decision to grant such relief is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion. *Id*. at 806. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Burger King Corp. v. Ashland Equities, Inc*., 181 F.Supp.2d 1366, 1369 (S.D.Fla.2002). There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc*., 62 F.Supp.2d 1316, 1331 (M.D.Fla.1999); *see also Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla.1994). In order to reconsider a judgment, there must be a reason why the Court

should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Sussman*, 153 F.R.D. at 694.

Federal Rule of Civil Procedure 60(b)(1) provides relief from a judgment or order for, *inter alia*, mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). "For purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 394 (1993). Whether a party's neglect of a deadline may be excused is an equitable decision turning on "all relevant circumstances surrounding the party's omission," including (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.* at 395. Primary importance is accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (noting that the Supreme Court in *Pioneer* "accorded primary importance" to the aforementioned factors). The Eleventh Circuit has held that the Supreme Court's definition of "excusable neglect" in *Pioneer* applies to determinations of excusable neglect under Federal Rule of Civil Procedure 60(b). *See Cheney,* 71 F.3d at 849-50; *Advanced Estimating Systems, Inc. v. Riney*, 77 F.3d 1322, 1324 (11th Cir. 1996).

## Analysis

In the instant case, the Court finds that considerations of equity militate in favor of

addressing the merits of the Eugenes' Response to Plaintiff's Motion to Dismiss, as the Eugenes have clearly given a valid reason why the Court should reconsider its prior decision. *See Cheney,* 71 F.3d at 850. A less than one month delay in filing a response to a motion due to providing assistance to one's family cause by a severe and devastating hurricane is clearly excusable neglect within the meaning of Federal Rule of Civil Procedure 60(b). *See, e.g., Walter v. Blue Cross & Blue Shield of Wisconsin*, 181 F.3d 1198 (11th Cir. 1999) (finding that a full one month delay in filing due to legal secretary's failure to record filing deadline for response to motion to dismiss constituted "excusable neglect," but on the merits the motion to dismiss should have been granted for lack of personal jurisdiction).

Applying the *Cheney* factors to the Eugenes' Motion for Reconsideration, the Court finds that while the reason for the delay, namely, failure to realize the deadline due to providing familial assistance caused by Hurricane Katrina, was within the reasonable control of the movant, there is no indication that the movant failed to act in good faith in this case. *See Cheney*, 71 F.3d at 850. Furthermore, Plaintiff does not argue that it was prejudiced by the less than one month delay in responding to its Motion to Dismiss, and the Court sees no adverse impact on the District Court or its resources by allowing reconsideration of Plaintiff's Motion. *Id.* The Eugenes' failure to timely respond in this case amounts only to an "omission[] caused by carelessness." *Id.* (quoting *Pioneer*, 507 U.S. at 388).

In sum, the slight amount of prejudice to Plaintiff, the minimal degree of delay, the substantial reason for the delay, and the lack of impact on the Court, when coupled with the absence of bad faith on the part of the Eugenes or their counsel, require a finding that the

neglect of the Eugenes' counsel was "excusable" under Federal Rule of Civil Procedure 60(b).

## Conclusion

Based on the foregoing, the Motion for Reconsideration, or Alternatively to Set Aside Order (Doc. No. 48) filed by Defendants Joseph Eugene and Veronica Eugene is **GRANTED** as to reconsideration.  The Eugenes shall have ten (10) days from the date of this order to file a Response to Plaintiff's Motion to Dismiss which "set[s] forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision" to dismiss the instant action.  *See Sussman*, 153 F.R.D. at 694.  Plaintiff shall have ten (10) days thereafter to file a supplemental response.  The Court **RESERVES RULING** on the Eugenes' request for the Court to set aside its Order granting Plaintiff's Motion to Dismiss. (Doc. No. 48).  The Clerk shall re-open this case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this _12th___ day of October, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Clerk of Court for the Middle District of Florida