**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MONTICELLO INSURANCE COMPANY,**

        **Plaintiff,**

-vs-                                            Case No. 6:05-cv-548-Orl-19DAB

**DYNABILT MANUFACTURING COMPANY, INC., JOSEPH EUGENE, VERONICA EUGENE, and CONTINENTAL TIRE NORTH AMERICA, INC.,**

        **Defendants.**

_____

**ORDER**

This case comes before the Court on the following:

1. Final Default Declaratory Judgment, entered by the Court against Defendant Dynabilt Manufacturing Company, Inc. on August 24, 2005; (Doc. No. 45);

2. Motion to Dismiss Plaintiff's Complaint Without Prejudice, or Alternatively, to Hold in Abeyance, filed by Plaintiff Monticello Insurance Company on August 30, 2005; (Doc. No. 46);

3. Order granting in part and denying in part Motion to Dismiss Plaintiff's Complaint Without Prejudice, or Alternatively, to Hold in Abeyance, entered by the Court on September 20, 2005; (Doc. No. 47);

4. Response to Plaintiff's Motion to Dismiss, filed by Defendants Joseph and Veronica Eugene on October 21, 2005; (Doc. No. 56); and

  5.  Supplemental Response Memorandum in Support of Motion to Dismiss With Corrected Service Date, filed by Plaintiff Monticello Insurance Company on October 31, 2005.  (Doc. No. 61).

## Background

This case involves a dispute regarding whether Defendant Dynabilt Manufacturing Company, Inc. (hereinafter "Dynabilt") is covered by an insurance policy which allegedly indemnifies Dynabilt for the liabilities and damages asserted by Defendants Joseph and Veronica Eugene ("the Eugenes") in an underlying state tort action.  Plaintiff Monticello Insurance Company ("Monticello") filed a Complaint on April 12, 2005, seeking a declaratory judgment ruling that the policy in question excludes coverage for the Eugenes' alleged injuries.  (*See* Doc. No. 1-1, pp.10-11, filed on April 12, 2005).  On August 16, 2005, Plaintiff filed a Motion for Default Judgment against Dynabilt.  (Doc. No. 44).  No opposition to Plaintiff's Motion for a Default Judgment against Dynabilt was ever filed.  On August 24, 2005, the Court entered a Final Default Declaratory Judgment against Dynabilt, finding that there was no insurance coverage under the aforementioned insurance policy for the injuries asserted by the Eugenes.  (Doc. No. 45, filed on August 24, 2005).

On August 30, 2005, Plaintiff moved to dismiss its Complaint without prejudice, arguing that the remaining Defendants were purely derivative parties and that there was no cause of action upon which Plaintiffs could proceed *vis a vis* the remaining Defendants absent a motion by Dynabilt to set aside the default judgment.  (*See* Doc. No. 46, filed on August 30, 2005).  It is undisputed that the Eugenes failed to timely respond to Plaintiff's Motion to Dismiss.  (*See* Doc. No. 48-1, p.1, filed on October 3, 2005).  Thus, absent any

argument from the remaining Defendants that they would suffer prejudice from a dismissal, the Court granted Plaintiff's Motion to Dismiss. (*See* Doc. No. 47, filed on September 20, 2005).

Thereafter, the Eugenes filed a Motion for Reconsideration, or Alternatively, to Set Aside Order, asking the Court to reconsider its Order granting dismissal. (See Doc. No. 48, filed on October 3, 2005). On October 13, 2005, the Court entered an Order granting the Eugenes' Motion for Reconsideration and reserving ruling on the Eugenes' request to set aside the Court Order granting Plaintiff's Motion to Dismiss. (*See* Doc. No. 53, filed on October 13, 2005). The Eugenes were given ten (10) days to file a Response to Plaintiff's Motion to Dismiss setting forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision to dismiss. (*Id*. at p. 6).

In their Response to Plaintiff's Motion to Dismiss, the Eugenes argue that the Court should reverse its prior ruling and deny Plaintiff's Motion to Dismiss because there is case law holding there can be a cause of action between an injured party not party to an insurance contract and the insurer in a declaratory judgment action. (Doc. No. 56-1 at p.2). Thus, the Eugenes argue that Plaintiff's contention that "there is no cause of action upon which this case can proceed in the absence of the defaulted party" is incorrect. (*Id.*) In its Response, Plaintiff argues that Florida law is expressly contrary to the federal cases cited by the Eugenes and that the Eugenes have no legal basis for coverage at this time. (Doc. No. 61 at p. 2-4).

This Order analyzes the Eugenes' Response to Plaintiff's Motion to Dismiss and Plaintiff's Supplemental Response Memorandum in Support of Motion to Dismiss.

**Standard of Review**

The United States Court of Appeals for the Eleventh Circuit has described a motion for reconsideration as falling within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment). *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir.1993). The decision to grant such relief is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion. *Id*. at 806. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Burger King Corp. v. Ashland Equities, Inc*., 181 F.Supp.2d 1366, 1369 (S.D.Fla.2002). There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc*., 62 F.Supp.2d 1316, 1331 (M.D.Fla.1999); *see also Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla.1994). In order to reconsider a judgment, there must be a reason why the Court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Sussman*, 153 F.R.D. at 694.

A meritorious defense is shown when the moving party makes an affirmative showing of a defense that is likely to be successful. *In re Worldwide Web Systems, Inc.*, 328 F.3d. 1291, 1296 (11th Cir. 2003). General denials and conclusive statements are insufficient to establish a meritorious defense; a meritorious defense is properly asserted when the movant presents a factual basis for its claim. *Turner Broadcasting System, Inc v. Sanyo*

*Electric, Inc.*, 33 B.R. 996, 1002 (N.D.Ga.1983).

## Analysis

### I. Plaintiff's Motion to Dismiss

Both Supreme Court and Circuit precedent are clear that absent state law to the contrary, a case or controversy exists between an injured party not party to an insurance contract and an insurer in a declaratory judgment action instituted by the insurer which names the injured party as a defendant. *See Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941); *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123 (5th Cir. 1981). Other Circuit Courts are in accord.[1] In so holding, courts have given special weight to the principle that the injured party has a right, as a named defendant, to defend against an action brought by the plaintiff insurance company. *See e.g., Dairyland*, 654 F.2d at 1123 ("It is decisive to our holding that Dairyland named [the injured parties] as defendants in its declaratory action.").

It is equally clear that Florida law does not contradict the federal authorities cited above. In this respect, Plaintiff's argument that Florida law bars the Eugenes from proceeding in the instant action is not well taken. In fact, just the opposite is true. Plaintiff argues that Florida Statutes § 627.4136(1) bars any direct action by an injured party against

---

[1] *See, e.g., Hawkeye-Security Ins. Co. v. Schulte*, 302 F.2d 174 (7th Cir. 1962) (district court erred in holding that the injured party defendant was merely a "nominal party" *vis a vis* the plaintiff insurer); *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345 (3d Cir. 1986) (holding dispute between injured party and insurer regarding insurer's obligation to provide insured with coverage gave rise to "case or controversy" between insurer and injured parties); *Automobile Underwriters Corp. v. Graves*, 489 F.2d 625, 627-28 (8th Cir. 1973) (holding that an "injured person having a possible claim against an insurer who has been made a party defendant to an action for declaratory judgment possesses the requisite interest to be heard on appeal []").

an insurer, regardless of who filed the action, until the injured party obtains a judgment against the insured.[2] (Doc. No. 61, p. 2). However, the language quoted by Plaintiff has been held to apply expressly by Florida courts only to actions instituted by the injured party against the insurer. *Tomlinson v. State Farm Fire and Cas. Co.*, 579 So. 2d 211, 212 (Fla. 2d DCA 1991) (stating the quoted language "applies to declaratory judgment actions *against* insurers and not to actions *by* insurers") (italics in original). Thus, Florida law clearly allows the Eugenes to defend themselves in the instant declaratory judgment action instituted by Plaintiff Monticello Insurance Company. *See id.* (holding that the trial court properly reached the substantive issue of insurance coverage despite the fact that the defendant injured party had not first obtained a default judgment against the insured).

The dismissal of a suit should not be allowed if a defendant will suffer some plain legal prejudice, other than the possibility of another lawsuit. *Druid Hills Civic Ass'n Inc. v. Federal Highway Admin.*, 833 F.2d 1545 (11th Cir 1987). After examining the arguments set forth by both parties, the Court finds that the Eugenes will suffer plain legal prejudice by the dismissal of the instant action, and thus dismissal of the suit is not warranted. *See Druid Hills*, 833 F.2d at 1549-50 (citing *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967)). Therefore, the Court will vacate the Order granting Plaintiff's Motion to Dismiss Without Prejudice (Doc. No. 47).

---

[2] Florida Statutes § 627.4136(1) states:

It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

## II. Relief from Default Judgment

Although the Eugenes indicated that they have filed a Motion to Vacate and/or Set Aside the Default Judgment entered by the Court against Defendant Dynabilt,[3] they have not done so. However, in the interest of fairness, the Court will examine *sua sponte* whether it should vacate the Final Default Declaratory Judgment against Dynabilt.

Courts have the power to set aside default judgments under Rule 60(b) of the Federal Rules of Civil Procedure. Fed. R. Civ P. 55(c); *EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 527-28 (11th Cir. 1990). A Court has the authority to examine whether a party should be awarded relief from judgment *sua sponte* under Rule 60(b) if the interests of justice so require and the examination is done within a reasonable time after judgment. *See* Fed. R. Civ. P. 60(b); *McDowell v. Celebrezze*, 310 F.2d 43, 44 (5th Cir. 1962) (per curiam). Under Federal Rule of Civil Procedure 60(b), a court may set aside a default judgment for, *inter alia*, mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from the operation of the judgment. *See* Fed R. Civ. P. 60(b). It must also be shown that the defendant would have a meritorious defense should the case proceed to trial. *See Moldwood Corp. v. Stutts*, 410 F.2d 351 (5th Cir. 1969). The decision to grant such relief is committed to the sound discretion of the Court and will not be overturned on appeal absent an abuse of discretion. *Alcock,* 993 F.2d at 806.

In the instant case, the Court finds that good cause exists which justifies setting

---

[3] In their Response, the Eugenes stated that "[a]long with this Motion, the Eugenes have filed their Motion to Vacate and/or Set Aside the Final Default Declaratory Judgment against Dynabilt [...]". (Doc. No. 56-1, p.2).

aside the default judgment against Dynabilt.  In its Motion to Default Defendant, Plaintiff argued that "All defendants in this action, other than Dynabilt, are interested parties only in that they are either plaintiffs or co-defendants in an underlying action involving Dynabilt." (Doc. No. 44-1 at ¶ 4).  However, the Eugenes have alleged that they have a separate and distinct interest in defending themselves against the instant action in this Court.[4]  In addition, the Eugenes have raised an allegation in their Answer that Plaintiff has failed to name and serve an indispensable party to this lawsuit, the owner of the vehicle at issue in the underlying state tort action, which may also have a separate and distinct interest in defending itself in the case at bar.  (*See* Doc. No. 18 at p.3).

Furthermore, the Eugenes' Response demonstrates that they have a meritorious defense in the instant action.  Plaintiff claims that its insurance policy with Dynabilt excludes coverage for bodily injuries resulting from products-completed operations hazards, welding operations, and incidents to which untimely notice was given to the insurer. (Doc. No. 1 at ¶¶ 15-16).  However, the Eugenes argue that their claim in the underlying state tort action against Dynabilt, Plaintiff's insured, is premised in part on a failure to install the correct product.  Products hazards exclusions and completed operations exclusions may not apply where delivering or installing the wrong product is the proximate cause of the injury.  *See e.g., Florida Farm Bureau Mut. Ins. Co. v. Gaskins*, 405 So. 2d 1013 (Fla. 1st DCA 1981).

Whether or not Dynabilt installed the correct product is an issue of fact as to which a declaratory judgment would not be appropriate at this time.  *See e.g. Cast Steel*

---

[4] *See infra* Section I of the Court's Order.

*Products, Inc. v. Admiral Ins. Co.,* 348 F.3d 1298 (11th Cir. 2003). *Britamco Underwriters, Inc. v. Central Jersey Investments, Inc.*, 632 So. 2d 138 (Fla. 4th DCA 1994). In addition, whether notice of the incident was given in a proper and timely manner is also an issue of fact. Issues of fact may not be determined at the pleading stage, and a judgment should not be entered prior to their resolution.

Finally, there is no indication that setting aside the Final Default Declaratory Judgment would cause undue prejudice to Plaintiff. *See Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc*., 740 F.2d 1499, 1511 (11th Cir. 1984) (noting that district courts must consider the prejudice to plaintiff before setting aside a default judgment). Setting aside the Final Default Declaratory Judgment in the instant case will not result in the loss or destruction of any evidence, as most relevant documents, including the insurance contract at issue, have already been filed with the Court. *See INVST Financial Group v. Chem-Nuclear Systems, Inc*., 815 F.2d 391, 398 (6th Cir. 1987). The Final Default Declaratory Judgment was entered less than two and one half months ago, removing any concern about an unduly long passage of time or spoilation of evidence, and Plaintiff was on notice of the Eugenes' objections within forty (40) days after the entry of such judgment. *See id.* In short, this simply is not a case where the non-defaulting party's ability to pursue its claim has been hindered since the entry of default or relevant evidence has become lost or unavailable. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

Finally, the Court notes that in this Circuit, there is a distinct preference for a trial on the merits as opposed to a judgment by default. *See e.g. General Telephone Corp. v.*

*General Telephone Answering Serv.,* 277 F.2d 919, 921 (5th Cir. 1960). Thus, all doubts should be resolved in favor of trial. *Id.* Because vacating the default judgment will do no harm to Plaintiff except to require it to prove its case, *see id.*, the Court will set aside the Final Default Declaratory Judgment entered against Dynabilt (Doc. No. 45).

**Conclusion**

Based on the foregoing:

1. The Final Default Declaratory Judgment entered against Defendant Dynabilt Manufacturing Company, Inc. (Doc. No. 45) is **VACATED**;

2. The Order granting Monticello's Motion to Dismiss Without Prejudice (Doc. No. 47) is **VACATED**; and

3. Plaintiff Monticello Insurance Company's Motion to Dismiss Complaint without Prejudice, or, Alternatively, to Hold in Abeyance (Doc. No. 46) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this _10th____ day of November, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Clerk of Court